UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUE CROUSE, ) | |
| ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No._____ |
| v. ) | |
| ) | |
| NORTHSTAR LOCATION ) | |
| SERVICES, LLC, ) | |
| ) | |
| ) | |
| DEFENDANT, ) | |

## COMPLAINT

Plaintiff, Sue Crouse, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Northstar Location Services, LLC. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

2. Venue in this District is proper because Defendant Northstar Location Services, LLC conducts business in this district. Defendant holds an Illinois collection agency license, and is a registered LLC in Illinois.

## PARTIES

3. Plaintiff, Sue Crouse, ("Plaintiff") is an individual and resident of the

State of Maryland, and is a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

4.  Defendant Northstar Location Services, LLC ("Northstar") is a Limited Liability Company engaged as a "debt collector" as defined by and within the meaning of the FDCPA, and is engaged in the business of collecting debts in this State where Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone.

## FACTS

5.  Sometime in or around 2003, Plaintiff incurred a credit card debt for personal, family or household purposes, and said alleged obligation is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). Namely, Plaintiff incurred a debt from Barclays Bank Delaware/Juniper, for credit card for charges she had previously made. (hereinafter "alleged debt").

6.  Sometime thereafter, the alleged debt was assigned to Northstar for collection from the Plaintiff after the debt had gone into default. Northstar is thus a "debt collector".

7.  On or around June 1, 2011, Plaintiff received a collection letter from Northstar ("Letter") stating, in part, that she owed a "Balance Due" of $2,896.18. (Exhibit A, Letter from Northstar dated June 1, 2011).

8.  Plaintiff does not owe a "Balance Due" of $2,896.18 to Northstar.

9.  Plaintiff owes Northstar less than $2,896.18.

10. On June 7, 2011, Plaintiff caused to be faxed to Northstar a letter requesting verification of the alleged debt, and also stating in part "Don't contact me in any way but to verify the debt in writing." (Exhibit B, Letter from Plaintiff to Northstar dated June 7, 2011).

11. Despite the fact that Plaintiff asked Northstar not to contact her except to verify the debt in writing, Northstar continued its attempts to collect the debt from the Plaintiff, via telephone contact.

12. Northstar continued to attempt to collect the alleged debt despite not having provided Plaintiff with verification of the alleged debt.

13. Specifically, Northstar placed a telephone call to Plaintiff on June 16, 2011, and left Plaintiff a voice mail stating as follows:

**Sue Crouse, this is the office of Northstar Location Services I need for you to return a phone call as soon as possible to the number 866-677-2658 extension 1402. This is a call from a debt collector with an attempt to collect a debt any information information obtained will be used solely for that purpose.**

14. Plaintiff thereafter, on June 23, 2011, returned Northstar's call and, upon being connected with an employee and/or agent who identified himself as "JT", asked why she had been called on June 16, 2011.

15. During the pendency of the telephone conference, JT asked Plaintiff if she could "pay the amount in full today". JT thereafter offered Plaintiff a settlement offer of $1592.85.

16. Northstar's Letter states, in relevant part, as follows:

**We are offering a hardship settlement in the amount of $1,737.71. To find out if you qualify, contact our office at 1-866-677-2658 to discuss this payment option with one of our trained representatives.**

(Exhibit A, Letter from Northstar dated June 1, 2011).

17. At no time, during the pendency of the June 16, 2011 telephone conference between Plaintiff and JT, did JT ask Plaintiff any questions reasonably calculated to determine whether Plaintiff "qualified" for the hardship settlement of $1,737.71 that was offered via the Letter.

18. In fact, during the pendency of the June 16, 2011 telephone conversation with Plaintiff, Northstar offered Plaintiff a settlement amount even lower than that offered in the Letter without first determining whether she qualified for Northstar's hardship offer.

19. In truth, there are no qualifications that Plaintiff, or any other consumer receiving the form letter represented by Exhibit A, would have to meet to be offered the "hardship settlement".

20. Any consumer that received a copy of the form letter of the type represented by Exhibit A would "qualify" for the settlement offer. Thus, Northstar's letter misrepresents that there are qualifications that Plaintiff, or any other consumer receiving a letter of the form and type attached hereto as Exhibit A, would have to meet to qualify for the "hardship settlement". The Letter also unfairly and deceptively communicates that Plaintiff will get a reduced offer to settle if she is experiencing hardship, as that term is defined by Northstar. In fact, she would not receive a reduced offer based on any "hardship" that she may be experiencing.

**COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.-NORTHSTAR**

21. Plaintiff incorporates paragraphs 1-20.

22. In its attempts to collect the debt allegedly owed by Plaintiff, Northstar violated the FDCPA, 15 U.S.C. § 1692 in one or more of the following ways:

   a) Northstar violated 15 U.S.C. § 1692c(c) when it placed telephone calls to Plaintiff for the purpose of collecting the alleged debt, after Plaintiff had provided written notification that she wanted Northstar to cease communication;

   b) Northstar violated 15 U.S.C. § 1692e when it deceptively attempted to collect a debt in excess of that which is owed by the Plaintiff;

   c) Northstar violated 15 U.S.C. § 1692e when it deceptively and falsely urged Plaintiff to call its office to determine whether she qualified for a "hardship settlement" that, in fact, was offered to everyone who received the type and form of said letter, without the need to qualify;

   d) Northstar violated 15 U.S.C. § 1692e(2) when it misrepresented the amount of the alleged debt in its Letter;

   e) Northstar violated 15 U.S.C. § 1692e(10) when it deceptively and falsely urged Plaintiff to call its office to determine whether she qualified for a "hardship settlement" that, in fact, was offered to everyone who received the type and form of said letter, without the need to qualify;

   f) Northstar violated 15 U.S.C. § 1692f when it unfairly urged Plaintiff to call its office to determine whether she qualified for a "hardship settlement" that was offered to everyone who received the type and form of said letter, without the need to qualify;

   g) Northstar violated 15 U.S.C. § 1692f(1) when it attempted to collect a debt in an amount not authorized by the agreement creating the debt or by law;

   h) Northstar violated 15 U.S.C. § 1692g(b) when it continued collection efforts after having received a request for verification of the alleged debt without having first provided verification of the alleged debt to Plaintiff;

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Northstar, for the following:

a. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

b. Actual damages suffered by the Plaintiff, if any;

c. Plaintiff's attorney fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

By: /s/ Mario Kris Kasalo

**The Law Office of M. Kris Kasalo, Ltd.**
**"A Consumer Protection Law Firm"**
1800 West Roscoe Street, Suite 409
Chicago, Illinois 60657
tele 312.450.7849
fax  312.698.5054
mario.kasalo@kasalolaw.com

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff hereby demands trial by jury in this action.